

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2004

# Khan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Khan v. Atty Gen USA" (2004). *2004 Decisions.* Paper 634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2136
_____

HAMIDUL HAQUE KHAN;
NADIA KHAN;
RABIYA HAQUE KHAN,

Petitioners

v.

JOHN ASHCROFT,
ATTORNEY GENERAL,

Respondent
_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board Nos. A72-018-638, A72-797-275 and A72-797-276)
_____

Submitted Under Third Circuit LAR 34.1(a)
May 28, 2004

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, FISHER and ALARCÓN,[*] <u>Circuit</u> <u>Judges</u>.

(Filed June 1, 2004)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

FISHER, Circuit Judge.

Because we write only for the parties who are familiar with the facts and issues presented for review, we will not recite them except as necessary to the discussion. Hamidul Haque Kahn, Nadia Kahn and Rabiya Kahn, citizens of Bangladesh, petition for our review of a final order of deportation issued by an Immigration Judge ("IJ") and summarily affirmed by the Board of Immigration Appeals ("BIA"). The Kahns contend that the adverse credibility findings made by the IJ, and the IJ's finding that Mr. Kahn did not suffer past persecution, were not supported by substantial evidence. They also contend that the matter must be remanded to the BIA given the BIA's failure to address their claim for relief under the Convention Against Torture, which claim was first raised in the appeal to the BIA after regulations implementing the Convention were enacted. For the reasons that follow, we will deny the petition as to the claims that the adverse credibility findings and finding of no past persecution were not supported by substantial evidence and grant the petition for remand to the BIA solely for the purpose of considering the Convention claim.

Mr. Kahn arrived in the United States in 1991, with his wife and daughter arriving in 1993. Deportation proceedings were commenced against the Kahns in December 1996. They applied for asylum and withholding of removal under the Immigration and Nationality Act (the "Act") given Mr. Kahn's political activity. Their claims were denied by the IJ on December 11, 1998. The Kahns appealed that determination to the Board of

Immigration Appeals ("BIA") on December 31, 1998, with briefs submitted on September 27, 1999. But, on March 29, 1999, the Department of Justice Interim Rule Implementing the Convention Against Torture became effective. *See* 64 Fed. Reg. 8479 (Feb. 19, 1999) amending 8 C.F.R. § parts 3, 103, 208, 235, 238, 240, 241, 253 and 507. Consequently, in their brief to the BIA, the Kahns asserted the newly available claim under the Convention, requesting a remand to the Immigration Court for a hearing on that claim. The BIA issued its summary affirmance of the IJ's decision on March 26, 2003, without mention of the Convention claim. These Petitions followed.

The Act authorizes the Attorney General in his discretion to grant asylum to a deportable alien who is deemed to be a "refugee" within the meaning of section 1101(a)(42)(A) of the Act. 8 U.S.C. § 1158(b)(1) (2003). To obtain refugee status, an alien must establish that he is unable or unwilling to return to his country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1101(a)(42)(A). That persecution must be inflicted either by government or by forces that the government is unable or unwilling to control. *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir. 2002). A well founded fear of persecution is established when an alien demonstrates a subjective fear of persecution with objective evidence that a reasonable person in his circumstances would also fear persecution. *Abdille v. Ashcroft*, 242 F.3d 477, 494-96 (3d Cir. 2001).

3

The Kahns bear the burden of supporting their asylum and withholding of removal claim through credible testimony. *Gao,* 299 F.3d at 271-72. We review the agency's finding under the substantial evidence standard, in which we uphold credibility determinations that are supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Abdille*, 242 F.3d at 483. Only discrepancies that impact the heart of the asylum claim can support an adverse credibility finding. *Gao*, 299 F.3d at 272. Adverse credibility determinations should be supported by a specific, cogent reason for the disbelief in petitioner's testimony. *Balasubramanrim v. INS*, 142 F.3d 157, 162 (3d Cir. 1998).

We conclude that the IJ's determination that Mr. Kahn's testimony was not credible is supported by substantial evidence in the record and that the IJ provided specific cogent reasons for her determination. The IJ found that Mr. Kahn's testimony at the hearing that he left Bangladesh a few days after his arrest differed drastically from the eight months he related two years earlier to an asylum officer at the interview for his asylum application. The IJ discredited Mr. Kahn's explanation that the variance was because he focused on his case and discussed it with family members after his asylum interview. This was a material difference on an important date.

As to Mr. Kahn's assertion of past persecution, the IJ properly found that even if Mr. Kahn's testimony were credible, he failed to establish the objective component for past persecution. The IJ found that every time Mr. Kahn was arrested, there was a

4

legitimate basis for that arrest. The first and second arrests involved property damage to vehicles and windows, with the third arrest involving harm to individuals, including partial paralysis. The IJ concluded that any other harassment Mr. Kahn experienced was due to personal animosity, and that he could relocate to another part of Bangladesh to ensure his safety from those with a personal vendetta against him.

When the BIA summarily affirms the IJ's decision, the decision we review is that of the IJ. *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003). However, the timing of this case in light of the passage of the regulations implementing the Convention prevented the IJ from reviewing the Kahns' Convention claim. In this context -- where the BIA summarily affirmed when a new issue was raised before it that was not raised or considered by the IJ -- we must remand solely for the BIA's consideration of the merits of the Kahns' Convention claim.[1]

We have considered all of the contentions raised by the parties and conclude that no further discussion is required. The petitions for review will be denied for the reasons stated herein except that we remand solely for the BIA's consideration of the merits of the Convention claim.

---

[1]The Attorney General concedes remand solely for the purpose of permitting the BIA to consider the Convention claim.